## No. 9621.

### THE STATE OF LOUISIANA VS. M. CENDO.

In a license suit, the clerical error of charging defendant with pursuing, without a license, "the business of vegetables" in a public market of the city, instead of the business of *dealing in* or *selling* vegetables, will not be considered when first raised in this court, because no other "business of vegetables" could be conducted in a public market except that of selling or dealing in them, and because, in absence of any note of evidence, *non constat* that evidence received without objection might not have remedied the deficient allegations.

Defendant's contention that he was exempt under art. 206 of the Constitution because following "an agricultural pursuit," is not sustained by any evidence in the record showing that fact.

APPEAL from the Second City Court of New Orleans. *Voorhies*, J.

*John McEnery* and *W. B. Sommerville*, for the State, Appellee.

*B. R. Forman*, for Defendant and Appellant:

The opinion of the Court was delivered by

FENNER, J. This is a proceeding by rule under the State license law to recover a license of five dollars from the defendant.

The rule is prepared on a printed form used in such cases, with

blanks left to be filled up in writing, according to the requirements of each particular case.

. It happens here that, through evident carelessness and clerical error, the rule charges " that M. Cendo is conducting *the business of vegetables* in the Ninth Street Market without any license from the State of Louisiana, and that his gross annual receipts exceed the sum of one thousand dollars."

There was no exception on this ground in the court below, and the omission of the words *selling* or *dealing* in vegetables is too insignificant to be considered when urged for the first time in this court. What other business of vegetables " except that of *selling* or *dealing* in them could be conducted in a public market of the city, is not suggested, and, moreover, there appearing no note of evidence in the transcript before us, for aught that we know, evidence received without objection may have remedied the deficient allegation.

The only points raised in the court below as to the legality or constitutionality of the license, were that " defendant is following an agricultural pursuit and is exempt from all license tax under art. 206 of the constitution, and because the license law of 1881 does not impose any license tax on this defendant."

The license act of 1881 does impose a license upon " every business of selling at retail," and a vegetable dealer in the markets undoubtedly conducts such a business. It is equally clear that such business is not necessarily an agricultural pursuit. Whether defendant was engaged in agriculture and in selling only vegetables raised by himself, is a matter of evidence which the record before us affords no means of solving, and whether such facts, if proved, would exempt him from the license claimed, is a question of law which we are not called upon to decide.

We can discover no reason for disturbing the judgment.

Judgment affirmed.